IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Darnell Scott, #269988, ) | C/A No. 0:12-1538-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Albert Pearson, *Responsible Authority of South* ) | |
| *Carolina Dept. Of Corrections Special* ) | |
| *Investigation Unit*; Jannita Gaston, *South* ) | |
| *Carolina Dept. Of Correction State* ) | |
| *Classification*; William Byars, *South Carolina* ) | |
| *Dept. Of Corrections Director*; Warden ) | |
| Anthony Padula; Associate Warden Margaret ) | |
| Bell; Associate Warden John Brooks; Major ) | |
| James Dean; and Ms. Reames, *Institution* ) | |
| *Classification Chairperson*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff James Darnell Scott ("Scott"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 59.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Scott of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 60.) Scott filed a response in opposition (ECF No. 63), to which the defendants replied (ECF No. 66) and Scott filed a sur-reply (ECF No. 67). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

**BACKGROUND**

Scott's Amended Complaint alleges that he was placed into a Special Management Unit ("SMU") due to an investigation related to a riot incident and due to his affiliation with a Security Threat Group ("STG") known as the "United Blood Nation." Scott was subsequently designated as a Security Detention ("SD") inmate, which resulted in transfers between facilities every 30 days. Scott appears to assert that his due process rights under the Fourteenth Amendment have been violated due to his classification and the inability to contest it. Scott also alleges that these transfers have made it difficult for him to receive adequate medical care, and that the Defendants have violated his Eighth Amendment rights by being deliberately indifferent to his medical needs.

Scott seeks injunctions against the South Carolina Department of Corrections changing their classification and review policies, as well as monetary damages.

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Exhaustion of Administrative Remedies**

The defendants argue that summary judgment should be granted in their favor due to Scott's failure to exhaust his administrative remedies with regard to his claims. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to South Carolina Department of Corrections policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance."

Moreover, review from the South Carolina Administrative Law Court is generally part of the available administrative remedies an inmate must exhaust. See S.C. Code Ann. § 1-23-500 ("There is created the South Carolina Administrative Law Court, which is an *agency* and court of record within the *executive branch* of the government of this State.") (emphasis added); S.C. Code Ann. § 1-23-610(A)(1) (providing for *judicial review* of a final decision of the Administrative Law Court by the South Carolina Court of Appeals) (emphasis added). In Furtick v. South Carolina Department of Corrections, 649 S.E.2d 35 (S.C. 2007), the South Carolina Supreme Court

reaffirmed that "the ALC has jurisdiction over *all* inmate grievance appeals that have been properly filed."[1] Id. at 38 (emphasis in original) (citing Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506 (2004)). Notably, the United States Supreme Court has observed in discussing the exhaustion requirement of § 1997e that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise. Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth, 532 U.S. at 741 n.6. Therefore, because appeal to the Administrative Law Court was an available administrative remedy with regard to Scott's claims that his classification as an SD inmate violated his rights to due process, Scott was required to appeal his claim to the Administrative Law Court regardless of the relief he sought.

The majority of Scott's grievances have not gone beyond the Step 1 Grievance, either because he has accepted the Warden's response or he has failed to appeal them. Scott claims that he has successfully exhausted his remedies because he has completed through Step 2 of the grievance process for three of his grievances related to his due process claim. (ECF Nos. 59-12 at 3, 59-13 at 3, and 59-16 at 3.) However, nothing in the submitted documents suggests that appeals to the Administrative Law Court occurred for any of Scott's grievances. Accordingly, the defendants are entitled to summary judgment on his due process claim based on Scott's failure to exhaust properly his available administrative remedies.

Scott also asserts that because SCDC did not timely respond to his Step 1 Grievance filed on December 21, 2011 (ECF No. 59-19 at 1), in which he complains about dental health needs, he should be considered to have exhausted his administrative remedy as to his Eighth Amendment

---

[1] While subsequent statutory amendments and case law have established certain exceptions to this general rule, none are applicable to this matter.

claim of deliberate indifference to his medical needs. Although there was no response to this grievance before Scott filed the instant lawsuit on June 11, 2012 and SCDC may have not responded in accordance with the time frames discussed in their policies and procedures,[2] it appears that SCDC has since responded to this grievance. However, there is no indication in the record that Scott has continued with the administrative process following receipt of this response. The only evidence in the record demonstrates that Scott filed his lawsuit prematurely, and he has not properly exhausted this claim.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 59) be granted and that the plaintiff's claims be dismissed without prejudice.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 10, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[2] While SCDC's policies and procedures are not contained in this record, some courts in this district have observed that the policies provide time frames for grievance responses. See Kelly v. White, C/A No. 4:10-982-JFA-TER, 2011 WL 939015, at *2–3 (D.S.C. Mar. 16, 2011).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).