IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James Darnell Scott, # 269988, ) | Civil Action No.: 0:12-cv-01538-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Albert Pearson, *Responsible Authority* ) | |
| *of South Carolina Dept. Of Corrections* ) | |
| *Special Investigation Unit*; Jannita ) | |
| Gaston, *South Carolina Dept. Of* ) | |
| *Correction State Classification*; ) | |
| William Byars, *South Carolina Dept.* ) | |
| *Of Corrections Director*; Warden ) | |
| Anthony Padula; Associate Warden ) | |
| Margaret Bell; Associate Warden John ) | |
| Brooks; Major James Dean; and Ms. ) | |
| Reames, *Institution Classification* ) | |
| *Chairperson*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff James Darnell Scott, a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. The above-captioned Defendants, officials with the South Carolina Department of Corrections ("SCDC"), filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 59. The matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's complaint *without prejudice* due to his failure to exhaust his administrative remedies.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

Plaintiff, who is incarcerated at McCormick Correctional Institution, filed this 42 U.S.C. § 1983[2] action in June 2012, alleging violations of his rights under the Eighth and Fourteenth amendments.[3] Defendants filed a motion for summary judgment on February 26, 2013. They argued, in part, that Plaintiff failed to exhaust his administrative remedies properly. Specifically, they contend Plaintiff did not fully exhaust his Step 2 appeals of the grievances relevant to this action. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately to the motion. He responded on March 13, 2013. ECF No. 13.

The Magistrate Judge issued her R&R on June 10, 2013, recommending that the Court grant Defendants' motion for summary judgment. R&R, ECF No. 70. The Magistrate Judge concluded that "[t]he only evidence in the record demonstrates that [Plaintiff] filed his lawsuit prematurely." *Id.* at 6. Plaintiff filed timely objections to the R&R, arguing that the record shows that he properly exhausted his administrative remedies. Pl.'s Objs., ECF No. 72. He contends (1) that he was not required under South Carolina and federal law to appeal his grievances to the Administrative Law Court ("ALC"); (2) that he waited until the time period for SCDC to respond to his Step 2 appeal has lapsed until he filed this action; and (3) that, contrary to the assumption of Magistrate Judge, he appealed to the ALC and seeks judicial notice of the appeal by this Court. *Id.*

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

---

[2] Because Plaintiff proceeds *pro se*, the Court liberally construes his constitutional claims as raised pursuant to 42 U.S.C. § 1983. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[3] In light of the Court's ruling, an extensive recitation of the facts is unnecessary.

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge specifically recommends dismissing Plaintiff's complaint due to the absence of any evidence in the record showing Plaintiff appealed his grievances to the ALC. However, because neither Plaintiff nor Defendants adequately asserted or addressed whether Plaintiff appealed his grievances to the ALC, the Court, out of an abundance of caution, declines to adopt the R&R. *See* Fed. R. Civ. P. 56(e). Accordingly, the Court **DENIES** Defendants' motion for summary judgment *without prejudice*, giving Defendants the right to re-file their motion. The Court finds leave for Defendants to re-file adequately gives the parties an opportunity to more fully address Plaintiff's appeal to the ALC (or lack thereof). The matter is **RECOMMITTED** to the Magistrate Judge for further proceedings consistent with this order.

**IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
August 13, 2013