IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Darnell Scott, ) | C/A No. 0:12-1538-BHH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Albert Pearson, *Responsible Authority over* ) | **REPORT AND RECOMMENDATION** |
| *South Carolina Dep't of Corrections Special* ) | |
| *Investigation Unit*; Jannita Gaston, *South* ) | |
| *Carolina Dept. Of Correction State* ) | |
| *Classification*; William Byars, *South Carolina* ) | |
| *Dept. Of Corrections Director*; Warden ) | |
| Anthony Padula; Associate Warden Margaret ) | |
| Bell; Associate Warden John Brooks; Major ) | |
| James Dean; and Ms. Reames, *Institution* ) | |
| *Classification Chairperson*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff James Darnell Scott, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 87.)

The court previously granted the defendants' motion for summary judgment by order issued February 24, 2015. (ECF No. 121.) Scott appealed this ruling to the United States Court of Appeals for the Fourth Circuit, and by opinion issued August 31, 2015, the Fourth Circuit vacated and remanded the district court's order for further proceedings in light of the Fourth Circuit's recent decision in <u>Incumaa v. Stirling</u>, 791 F.3d 517 (4th Cir. 2015). The district court directed further briefing from the parties. (ECF No. 146.) Having carefully considered the parties' submissions

(ECF Nos. 87, 90, 104, 111, 112, 153, & 156) and the applicable law, the court concludes that the defendants' motion should be denied.

## BACKGROUND

Scott's Amended Complaint alleges that he was placed into the Special Management Unit ("SMU") due to an investigation related to a riot incident and due to his affiliation with a Security Threat Group ("STG") known as the United Blood Nation. Scott was subsequently designated as a Security Detention inmate—a classification status that is apparently reviewed every thirty days by the South Carolina Department of Corrections's ("SCDC's") Institutional Classification Committee. Scott appears to assert that his due process rights under the Fourteenth Amendment have been violated due to his classification status and the inability to contest it.

Additionally, Scott alleges that, due to his classification status, SCDC began transferring him among facilities approximately every thirty days. Scott alleges that these transfers have made it difficult for him to receive adequate medical care, and that the defendants have violated his Eighth Amendment rights by being deliberately indifferent to his medical needs.

Scott seeks injunctions against SCDC officials demanding a change in the classification and review policies, as well as monetary damages.

## DISCUSSION

Although the defendants argue that this case is distinguishable from Incumaa, the court disagrees. Similar to the instant matter, Incumaa involved an inmate's classification as an STG inmate in security detention housed in the SMU of an SCDC facility. The Incumaa Court held that the inmate's extended period in solitary confinement "amount[ed] to atypical and significant hardship in relation to the general population and implicate[d] a liberty interest in avoiding security



detention." <u>Incumaa</u>, 791 F.3d at 520.  Especially relevant here, the <u>Incumaa</u> Court found that there existed "a triable dispute as to whether [SCDC's] process for determining which inmates are fit for release from security detention meets the minimum requirements of procedural due process." <u>Id.</u>

The defendants' attempts to distinguish the instant case do not directly address the issue raised by the <u>Incumaa</u> Court regarding the SCDC Institutional Classification Committee's review process of an inmate's classification status.  Accordingly, the defendants have failed to demonstrate that they are entitled to summary judgment with regard to Scott's due process claim.  Similarly, as Scott's classification status may directly relate to his claim regarding medical care, the defendants have likewise failed to demonstrate that they are entitled to summary judgment on this claim.

## RECOMMENDATION

For the above reasons, the court recommends that the defendants' motion for summary judgment be denied.  (ECF No. 87.)  It is further recommended that Scott's motion for a preliminary injunction should be denied as moot in light of the defendants' affidavit testimony that Scott is currently housed in the general population and is thus no longer in solitary confinement.  (ECF No. 135.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 20, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).