IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James Darnell Scott, | Civil Action No.: 0:12-cv-1538-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Albert Pearson, *Responsible Authority over South Carolina Dep't of Corrections Special Investigation Unit*; Jannita Gaston, *South Carolina Dept. Of Correction State Classification*; William Byars, *South Carolina Dept. Of Corrections Director*; Warden Anthony Padula; Associate Warden Margaret Bell; Associate Warden John Brooks; Major James Dean; and Ms. Reames, *Institution Classification Chairperson*, | |
| Defendants. | |

On June 11, 2012, James Darnell Scott, ("Plaintiff"), filed this 42 U.S.C. § 1983 action alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett, for consideration of pretrial matters. The Court previously granted Defendants' motion for summary judgment on February 24, 2015. (ECF No. 121.) Plaintiff successfully appealed this ruling to the United States Court of Appeals for the Fourth Circuit. Specifically, on August 31, 2015, the Fourth Circuit vacated and remanded the Court's order for further proceedings in light of the Fourth Circuit's recent decision in *Incumaa v. Stirling*, 791 F.3d 517 (4th Cir. 2015). (ECF No. 136.) Upon review of further briefing by the parties, the Magistrate Judge prepared a

thorough Report and Recommendation ("Report"), recommending that Defendants' motion for summary judgment be denied. (ECF No. 158.) Defendants filed timely objections to the Report (ECF No. 160), to which Plaintiff replied (ECF No. 161). The Magistrate Judge then issued an Amended Report on August 23, 2016. (ECF No. 164.) Defendants filed timely objections to the Amended Report on September 9, 2016. (ECF No. 167.) For the reasons set forth herein, the Court adopts the Amended Report.

## BACKGROUND AND PROCEDURAL HISTORY

The Amended Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiff filed this matter on June 11, 2012, alleging violations of his constitutional rights. (ECF No. 1.) Liberally construing the complaint,[1] Plaintiff alleges violation of his due process rights under the Fourteenth Amendment due to his classification status as a Security Detention inmate and his inability to contest this classification. (ECF Nos. 18; 18-2.) He alleges that, due to his classification status, the South Carolina Department of Corrections ("SCDC") began transferring him among facilities every thirty days. (*Id.*) Plaintiff further alleges a violation of his Eighth Amendment rights because Defendants have been deliberately indifferent to his medical needs (*Id.*) Plaintiff seeks injunctions against SCDC officials, demanding a change in the classification and review policies. (*Id.*) He also seeks monetary damages. (*Id.*)

On January 10, 2014, Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 87.) They further briefed this motion on February 1, 2016 after the case was remanded from the Fourth Circuit. (ECF

---

[1] The Court draws the allegations from Plaintiff's Second Amended Complaint, filed on September 26, 2012. (ECF No. 18.)

2

No. 153.) Plaintiff first responded to the motion on January 21, 2014 (ECF No. 90), and again responded on February 16, 2016 (ECF No. 156), following the remand of this case from the Fourth Circuit. After consideration of these supplemental briefs, the Magistrate Judge issued an Amended Report recommending that Defendants' motion for summary judgment be denied, in light of the *Incumaa* decision. (ECF No. 164.) The Court has reviewed the objections to the Report, but finds them to be without merit. Therefore, it will enter judgment accordingly.[2]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] As always, the Court says only what is necessary to address Defendants' objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

3

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

In her concise and thoughtful Report, the Magistrate Judge found that Defendants failed to sufficiently distinguish this matter from *Incumaa*, and, therefore, summary judgment should be denied. Defendants seemingly ignore this central holding of the Report, objecting only that "Defendants have not been deliberately indifferent to Plaintiff's medical needs." (ECF No. 167 at 1.)

As an initial matter the Court agrees with the Magistrate Judge that the instant matter and *Incumma* share substantially similar facts. As the Magistrate Judge correctly noted, both cases involve an inmate's classification as a Security Threat Group ("STG") inmate in security detention housed in the Special Management Unit ("SMU") of an SCDC facility. In *Incumma*, the inmate remained in solitary confinement for twenty years, which the Court held "amount[ed] to atypical and significant hardship in relation to the general population and implicate[d] a liberty interest in avoiding security detention." *Incumaa*, 791 F.3d at 520. The *Incumma* Court further found a triable issue "as to whether [SCDC's] process for determining which inmates are fit for release from security detention meets the minimum requirements of procedural due process." *Id.*

4

Notably, Plaintiff claims that Defendants were deliberately indifferent to his medical needs, in part due to his repeated transfers every thirty days to a different institution. (ECF No. 1 at 3–6.) In their objections, Defendants do not contend that the SCDC had a different classification review policy from that in *Incumma* during the time complained of by Plaintiff. Indeed, they do not address the *Incumma* decision at all. The Court agrees with the Magistrate Judge that Plaintiff's "classification status may directly relate to his claim regarding medical care," and, therefore, summary judgment is inappropriate on this claim. Accordingly, the Court overrules Defendants' objections.

## CONCLUSION

After careful consideration of the relevant motions, responses, and objections, the Court finds that Defendants' objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Defendants' objections, adopts the Report, and incorporates it herein. It is therefore ORDERED that Defendants' motion for summary judgment (ECF No. 87) is DENIED. Further, given Defendants' undisputed averment that Plaintiff is currently housed in the general population, Plaintiff's motion for preliminary injunction (ECF No. 135) is DENIED AS MOOT. Finally, in light of the Court's denial of summary judgment, Plaintiff's motion to appoint counsel (ECF No. 133) is GRANTED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
September 14, 2016